| | |
|---|---|
| SIWOO KIM, | CASE NO. C18-613-MJP |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| TWIN LAKES POST OFFICE, | |
| Defendant. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THIS MATTER comes before the Court on Defendant Twin Lakes Post Office's Motion to Dismiss. (Dkt. No. 4.) Plaintiff did not file a response. Having reviewed the Motion and the Reply (Dkt. No. 8), the Court GRANTS the Motion.

**Background**

Plaintiff Siwoo Kim filed this action against the Twin Lakes Post Office in King County District Court, alleging that a cashier's check he sent via certified mail was negligently delayed and that he had suffered economic and emotional damages as a result. (See Dkt. No. 1; Dkt. No.

ORDER GRANTING MOTION TO DISMISS - 1

2, Ex. A at 4.)  As the Twin Lakes Post Office is a facility within the United States Postal Service ("USPS"), the United States removed this case to federal court.[1]  (See Dkt. No. 1.)

**Discussion**

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the Court lacks subject matter jurisdiction over the claim.  Fed. R. Civ. P. 12(b)(1).  The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity that allows claims to be brought against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  Certain types of claims are exempted from the FTCA's scope, including claims "arising out of the loss, miscarriage or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b); see also Anderson v. USPS, 761 F.2d 527, 528 (9th Cir. 1985) (holding that claim against USPS for loss of package was barred by sovereign immunity and the FTCA); Wodajo v. USPS, No. 15-1893RSM, 2016 WL 374566, at *2-3 (W.D. Wash. Feb. 1, 2016) (same).

Here, Plaintiff's claim arises entirely out of the alleged negligent transmission of a mailing by the USPS, and is therefore barred by the postal exception to the FTCA.  (See Dkt. No. 2, Ex. A at 4.)  Even if Plaintiff's claim was not so barred, the record suggests that he failed to exhaust administrative remedies prior to filing suit as required by the FTCA.  See 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the

---

[1] An action against the United States for damages resulting the negligent or wrongful conduct of a government agency or employee must be brought under the FTCA, 28 U.S.C. §§ 2671 et seq.  Federal district courts have exclusive jurisdiction over all such actions.  See 28 U.S.C. §§ 2679.

agency in writing . . ."); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). Finally, Plaintiff failed to oppose this motion, and under the Local Rules, "such failure may be considered by the court as an admission that the motion has merit." See LCR 7(b)(2).

## Conclusion

Because Plaintiff's claim is barred by the FTCA, the Court lacks subject matter jurisdiction to hear the claim, which is hereby DISMISSED.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 18, 2018.

Marsha J. Pechman
United States District Judge